IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-161-BO-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| CHAD BERNARD CUMMINGS, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a United States Postal Inspector. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 26 May 2010 for the offense of conspiracy to receive, conceal, and possess stolen mail beginning on or about 1 November 2009 and continuing until on or about 30 November 2009 in violation of 18 U.S.C. § 371. The evidence presented at the hearing showed that the charges arise from defendant's participation in a conspiracy pursuant to which mail containing checks was stolen from residential mail boxes, the checks were altered as to payee and often amount as well, and they were then cashed at banks or other financial institutions. Defendant's principal role in the conspiracy was to drive the leader of the conspiracy around as she stole the mail

and to the bank and other financial institutions for the cashing of the checks. He also helped bring another person into the conspiracy. The conspirators stole about $100,000 worth of checks from over 100 victims and had cashed about $30,000 worth by the time the conspiracy ended. Among the conspirators, defendant received the second highest amount of proceeds. The information about defendant's involvement in the conspiracy was provided to authorities by other conspirators.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the theft-related nature of the offense charged; the circumstances of the offense charged, including the number of victims, the total amount of the checks stolen, the substantial degree to which defendant profited from the conspiracy, and defendant's employment at the time of the alleged offense; defendant's criminal record, including eight felonies, four misdemeanors, and several failures to appear; defendant's victimization of his parents through his criminal conduct and their consequent understandable unwillingness to provide him substantial support; defendant's history of substance abuse; defendant's loss of his job due to the instant charges; the absence of a proposed third-party custodian; the absence of any established residence to which defendant could be released (he was living in a hotel prior to his arrest); and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant's felony convictions arose from conduct in April 1999, he has incurred multiple misdemeanor convictions and charges since that time, including pending charges for possession of stolen goods for conduct in April and June 2010. There is a high likelihood that if defendant were released he would be difficult to locate and

2

would revert to criminal conduct because, among other reasons, he lacks any residence, does not have a job, does not have a driver's license (it has been revoked), has a history of substance abuse, and engaged in the alleged instant offense conduct even though he then had a job and was therefore in a less desperate situation than he is now. There are no conditions, singly or in combination, that can reasonably address this risk of flight and danger defendant presents.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 17th day of June 2010.

James E. Gates
United States Magistrate Judge